# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA VARSAM, individually and on behalf of other members of the general public similarly situated, and as aggrieved employees, Plaintiff,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LAB. CORP., a Delaware Corporation; and DOES 1 through 100, inclusive, Defendant. | Case No.:  14cv2719 BTM(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STRIKE** |

On November 24, 2014, Defendant filed a motion to dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) and a motion to strike under Fed. R. Civ. P. 12(f). For the reasons discussed below, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to strike is **DENIED**.

# I. <u>BACKGROUND</u>

On June 3, 2014, Plaintiff commenced this action in the Superior Court of California, County of San Diego. Plaintiff is suing on behalf of herself and a purported class consisting of "all persons who worked as non-exempt Patient

1

1  Service Technicians for Defendants in California, within four years prior to the filing

2  of this complaint until date of certification." (Compl. ¶ 16.)

3  Plaintiff alleges that she and all non-exempt Patient Service Technicians

4  ("PSTs") "worked in excess of eight (8) hours in a day, in excess of twelve (12)

5  hours in a day, and/or in excess of forty (40) hours in a week." (Compl. ¶ 40.)

6  Plaintiff further alleges that she and all non-exempt PSTs "regularly worked off-

7  the-clock that should have been compensated at an overtime rate," and that

8  "Defendants discouraged Plaintiff and class members from working any time past

9  their scheduled shifts on the clock while at the same time requiring them to

10  complete assigned tasks and not accurately record their time worked." (Compl. ¶

11  40.) Plaintiff describes how Defendant had a practice of failing to properly

12  coordinate and schedule a sufficient amount of staff. (Compl. ¶¶ 40, 54, 61.) As a

13  result, Plaintiff alleges, she and putative class members were "unable to finish their

14  assigned tasks within their scheduled hours" and "were forced to clock out but

15  continue working" during meal and rest periods or after their scheduled shift ended.

16  (Compl. ¶¶ 40, 45, 54, 61.) According to Plaintiff, "Defendants had a practice

17  and/or policy of not paying all premiums due for meal break violations" and "wilfully

18  failed to pay Plaintiff and class members who are no longer employed by

19  Defendants" for those unpaid wages. (Compl. ¶¶ 54, 67.)

20

2

1    Plaintiff asserts eight causes of action against Defendant Laboratory

2 Corporation of America ("LabCorp"): (1) violation of California Labor Code §§ 510

3 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 1194, 1197,

4 and 1197.1 (unpaid minimum wages); (3) violation of California Labor Code §§

5 226.7 and 512(a) (unpaid meal period premiums); (4) violation of California Labor

6 Code § 226.7 (unpaid rest period premiums); (5) violation of California Labor Code

7 §§ 201 and 202 (wages not timely paid upon termination); (6) violation of California

8 Labor Code § 226(a) (non-complaint wage statements); (7) violation of California

9 Labor Code §§ 2698, *et seq.* (Private Attorney General's Act or "PAGA"); and (8)

10 violation of California Business & Professions Code §§ 17200, *et seq.* ("UCL")

11 (unfair and harmful business practices). (Compl. ¶¶ 7–18.) Plaintiff seeks

12 damages, statutory penalties, civil penalties, injunctive relief, and attorney's fees.

13 (Compl. Prayer for Relief ¶ 1.)

14    On November 17, 2014, Defendant removed this action pursuant to 28

15 U.S.C. §§ 1332, 1441, 1446, as amended by the Class Action Fairness Act of

16 2005, Pub. L. No. 109-2, 118 Stat. 4 ("CAFA").

17 //

18 //

19 //

20 //

3

## II. <u>DISCUSSION</u>

Defendant moves to dismiss, arguing that the Complaint "is almost entirely devoid of factual allegations" and therefore fails to state claims for all of the counts alleged. Additionally, Defendant argues that Plaintiff's PAGA claims should be dismissed because (1) Plaintiff has failed to plead facts establishing administrative exhaustion required by PAGA; and (2) Plaintiff does not have Article III standing to bring a "representative" claim under PAGA. Defendant also moves to strike the prayer for injunctive relief, references to California Labor Code §§ 204 and 558, and the classwide allegations. The court will address each of these arguments in turn.

**A. Motion to Dismiss**

**1. Legal Standard**

A motion to dismiss should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Shroyer v. New Cingular Wireless Services, Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010). Allegations in the complaint are only entitled to the presumption of truth if they contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d

4

1202, 1216 (9th Cir. 2011). Detailed factual allegations are not required, but factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

"A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted). Establishing a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial experience and common sense." Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).


**2. Failure to Pay Overtime and Minimum Wages**

Defendant argues that the alleged "discourage[ment]" of overtime that created a situation where employees worked off-the-clock is insufficient to state a claim. (Doc. 4-1 at 5–7.) However, courts have held that if an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods, there are sufficient grounds to find a violation of the

5

1   California Labor Code. See, e.g., Fobroy v. Video Only, Inc., 2014 WL 6306708,

2   at *2 (N.D. Cal. Nov. 14, 2014); Davenport v. Wendy's Co., 2014 WL 3735611, at

3   *6 (E.D. Cal. July 28, 2014); Fields v. West Marine Products Inc., 2014 WL 547502,

4   at *5 (N.D. Cal. Feb. 7, 2014); Brinker Rest. Corp. v. Superior Court, 53 Cal.4th

5   1004, 1040 (2012).

6        Relying on Landers v. Quality Comm. Inc., 771 F.3d 638, 644–45 (9th Cir.

7   2014), Defendant also argues that Plaintiff fails to allege a "*particular instance* in

8   which 'she worked more than forty hours in a given workweek without being

9   compensated for the overtime hours worked during that workweek.'" (Doc. 4-1 at

10  3) (emphasis added). Contrary to Defendant's claim, Landers does not require that

11  a "particular instance" be pled. In Landers the Ninth Circuit explained:

12        [A] plaintiff may establish a plausible claim by estimating the length of
          her average workweek during the applicable period and the average
13        rate at which she was paid, the amount of overtime wages she believes
          she is owed, or any other facts that will permit the court to find
14        plausibility. Obviously, with the pleading of more specific facts, the
          closer the complaint moves toward plausibility. However, like the other
15        circuit courts that have ruled before us, we decline to make the
          approximation of overtime hours the *sine qua non* of plausibility for
16        claims . . . .  After all, most (if not all) of the detailed information
          concerning a plaintiff-employee's compensation and schedule is in the
17        control of the defendants.

18  Id. at 645. Other courts have agreed that plaintiffs need not plead particular

19  instances of unpaid overtime before being allowed to proceed to discovery. See

20  Davenport, 2014 WL 3735611, at *5.

6

1    Defendant contends that, under <u>Forrester v. Roth's IGA Foodliner, Inc.</u>, 646

2    F.2d 413 (9th Cir. 1981) and <u>Jong v. Kaiser Found. Health Plan, Inc.</u>, 226

3    Cal.App.4th 391 (2014), there is a requirement that "any off-the-clock or overtime

4    work – under both federal and state law – must be 'suffered and permitted' to be

5    actionable." (Reply at 3.) Defendant's reliance on these cases is misplaced. The

6    "suffered and permitted" requirement only applies to claims under the Fair Labor

7    Standards Act (FLSA), not those under the California Labor Code. <u>Davenport</u>,

8    2014 WL 3735611, at *5; <u>Washington v. Crab Addison, Inc.</u>, 2010 WL 2528963, at

9    *3 (N.D. Cal. June 18, 2010).

10    Plaintiff alleges not only that Defendant "discouraged" her and putative class

11    members from clocking overtime, but also that Defendant "failed to schedule a

12    sufficient number of PSTs for their locations. . . ." (Compl. ¶ 40.) Moreover, Plaintiff

13    alleges that members of the putative class worked more than forty hours a week

14    and that when employees "regularly worked off-the-clock that should have been

15    compensated at an overtime rate," they were required to "not accurately record

16    their time worked." (Compl. ¶ 40.) These allegations create a plausible claim for

17    failure to pay overtime and minimum wages. The allegations also provide

18    Defendant with sufficient notice to defend itself effectively.

19    //

20    //

7

### 3. Meal and Rest Period Violations

Plaintiff alleges that she and other class members, "[a]s with meal periods, were forced to clock out for 'scheduled' rest periods but [were not paid] for such rest periods." (Compl. ¶¶ 53, 61.)  Plaintiff further alleges that Defendants "failed to schedule a sufficient number of employees and strongly discouraged additional time being worked beyond scheduled shifts," and "forced" putative class members "to clock out but continue working, wait extended periods of time before taking a meal period, or have their meal period interrupted by Defendants' managers." (Compl. ¶ 54.) Plaintiff asserts that "Defendants' failure to properly staff and coordinate the schedules of Plaintiff and class members, and their policy of strongly discouraging any additional hours being worked beyond scheduled shifts, forced Plaintiff and class members to work through all or part of their rest breaks." (Compl. ¶ 61.)

Defendant argues that Plaintiff has only offered a "formulaic recitation of the elements of a cause of action" and has not pled sufficient facts to state a claim. (Doc 4-1 at 9.) Defendant claims that Plaintiff's factual allegations only show that she was busy. (Doc 4-1 at 7.) However, as discussed above, if an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods there are grounds to find a violation of the California Labor Code. According to the Complaint, Defendant did exactly that. Plaintiff's allegations

8

1 go beyond a "formulaic recitation" of elements, and provide sufficient factual detail

2 to state a claim.

3

4 **4. Waiting Time Penalties**

5 California Labor Code § 203 provides, "[i]f an employer willfully fails to pay .

6 . . any wages of an employee who is discharged or who quits, the wages of the

7 employee shall continue as a penalty from the due date thereof at the same rate

8 until paid" for a maximum of 30 days. Courts have found that an allegation of

9 deliberately implementing a policy "of not paying owed wages" is sufficient to

10 satisfy the willful requirement of § 203. <u>Davenport</u>, 2014 WL 3735611, at *7–8

11 (quoting <u>Yuckming Chiu v. Citrix Sys., Inc.</u>, 2011 WL 6018278, at *5 (C.D. Cal.

12 Nov. 23, 2011)). Section 203 also requires that the plaintiff allege that some

13 putative class members have left the company and have failed to receive the

14 wages due to them. <u>Id.</u> at *7–8 (quoting <u>Yuckming</u>, 2011 WL 6018278, at *5).

15 Defendant claims that Plaintiff has not properly alleged that the violations

16 have been "willful." However, in addition to alleging that Defendant "wilfully failed

17 to pay" owed wages, as discussed above, Plaintiff has alleged facts of a regular

18 practice by Defendant of requiring Plaintiff and class members to work off-the-clock

19 during meal periods, rest periods, and after scheduled shifts. Plaintiff also alleged

20 facts of a regular practice by Defendant of not paying overtime or premiums for

9

1    missed meals and rest breaks. Based on these facts, it can reasonably be inferred

2    that Defendant deliberately failed to pay wages that it knew were owed. The

3    Complaint also includes the allegation that Plaintiff was employed by Defendant

4    for "approximately 8 years ending in 2013." (Compl. ¶ 20.) Therefore, Plaintiff has

5    alleged sufficient facts to meet the requirements for waiting time penalties under §

6    203.

7

8    **5. Wage Statement Violations**

9         To state a claim under California Labor Code § 226, an employee must have

10   "suffer[ed] injury as a result of a knowing and intentional failure by an employer" to

11   provide accurate wage statements. Cal. Lab. Code § 226(e). Defendant argues

12   that Plaintiff's claim that Defendant "knowingly and intentionally" failed to provide

13   accurate wage statements is conclusory. But as discussed above, Plaintiff has

14   alleged sufficient facts from which it can be inferred that Defendant deliberately

15   failed to pay wages for time worked and, therefore, knew that it was providing

16   inaccurate wage statements.

17        Defendant also argues that plaintiff has failed to allege sufficient facts of

18   injury. Labor Code § 226(e) was amended in 2013 to reflect legislative intent that

19   the injury requirement not be stringent. 2012 Cal. Legis. Serv. Ch. 843 (S.B. 1255).

20

1   Section 226(e) currently states, "[a]n employee is deemed to suffer injury for

2   purposes of this subdivision if the employer fails to provide accurate and complete

3   information . . . and the employee cannot promptly and easily determine from the

4   wage statement alone . . . the amount of the gross wages or net wages" owed to

5   the employee. Cal. Lab. Code. § 226(e); See also, Davenport, 2014 WL 3735611,

6   at *7; Elliot v. Spherion Pacific Work, LLC, 572 F.Supp.2d 1169, 1181 (C.D. Cal.

7   2008).

8       Plaintiff alleges that "Defendants have intentionally and willfully failed to

9   provide employees with complete and accurate wage statements," and that she

10  "has been prevented by Defendants from determining if all hours worked were paid

11  and the extent of the underpayment," necessitating this lawsuit and "causing

12  Plaintiff to incur expenses and lost time." (Compl. ¶¶ 73, 75.) In light of the

13  language of §226(e), Plaintiff has sufficiently pled her claim of wage statement

14  violations.

15

16      **6. PAGA and UCL Claims**

17      Plaintiff's seventh and eighth causes of action are brought under PAGA and

18  the UCL. As Defendant correctly points out, these claims are derivative of Plaintiff's

19  first six causes of action. See Davenport, 2014 WL 3735611, at *8 (collecting state

20  cases to show that in California, violations of the Labor Code permit action under

11

1   PAGA and the UCL). Because Plaintiff has sufficiently pled her other causes of

2   action, she has also sufficiently pled her claims under PAGA and the UCL.

3   **a. PAGA and Article III Standing**

4   Defendant attacks Plaintiff's standing to bring a PAGA claim on the ground

5   that, outside of class certification, Plaintiff does not have standing for injuries she,

6   herself, has not suffered. Defendant contends that because Plaintiff's Complaint

7   states that she "seeks assessment and collection of unpaid wages and civil

8   penalties for … all other aggrieved employees[,]" Article III and prudential standing

9   problems arise. The Court disagrees.

10   In 2004, California enacted PAGA as a means of improving enforcement of

11   the labor and employment laws, which legislators feared were weakened by an

12   understaffed Labor and Workforce Development Agency ("LWDA"). Cunningham

13   v. Leslie's Poolmart, Inc., 2013 WL 3233211, at *5 (C.D. Cal. June 25, 2013); Arias

14   v. Superior Court, 46 Cal.4th 969, 980 (2009). Through PAGA, an "aggrieved

15   employee" may bring a civil action against an employer "on behalf of himself or

16   herself and other current or former employees" when an employer has violated the

17   California Labor Code. Cal. Lab. Code. §2699(a).

18   Whether a PAGA claim must be certified under Fed. R. Civ. P. 23 is an open

19   question. Baumann v. Chase Investment Services Corp., 747 F.3d 1117, 1124 (9th

20   Cir. 2014). In Arias, the California Supreme Court held that PAGA does not require

12

1    plaintiffs to meet state class-certification requirements under California Code of

2    Civil Procedure § 382. <u>Arias</u>, 46 Cal.4th at 975. A majority of the district courts

3    have followed <u>Arias</u> and held that representative claims brought under PAGA are

4    sufficiently different from class action lawsuits and do not need certification under

5    Rule 23. <u>Alcantar v. Hobart Service</u>, 2013 WL 146323, at *2-3 (C.D. Cal. Jan. 14,

6    2013) (collecting cases and discussing the majority opinion among district courts

7    in the Ninth Circuit).

8         Although the Ninth Circuit in <u>Baumann</u> refrained from deciding whether a

9    PAGA claim must be certified under Rule 23, it did state, "[a] PAGA action is at

10   heart a civil enforcement action filed on behalf of and for the benefit of the state,

11   not a claim for class relief." <u>Baumann</u>, 747 F.3d at 1124. "Unlike a class action

12   seeking damages or injunctive relief for injured employees, the purpose of PAGA

13   is to incentivize private parties to recover civil penalties for the government that

14   otherwise may not have been assessed and collected by overburdened state

15   agencies." <u>Ochoa-Hernandez v. Cjaders Foods, Inc.</u>, 2010 WL 1340777 at *4 (N.D.

16   Cal. Apr. 2, 2010). Aggrieved employees are "deputized to step into the shoes of

17   the LWDA and pursue its interests in enforcement" of labor and employment laws.

18   <u>Thomas v. Aetna Health of California, Inc.</u>, 2011 WL 2173715, at *5, *17 (E.D. Cal.

19   June 2, 2011). Seventy-five percent of any recovered civil penalties are distributed

20   to the LWDA with the balance going to the aggrieved employees "who initiated the

13

1   claim under PAGA, not to the group of aggrieved employees on whose behalf the

2   claim was prosecuted." Leslie's Poolmart, Inc., 2013 WL 3233211, at *6, n.1

3   (discussing how penalties recovered in PAGA claims are distributed).

4        The Court agrees with the majority view that a PAGA claim is not governed

5   by Rule 23. Because PAGA suits are fundamentally different than class actions,

6   there is no "direct collision" between PAGA and Rule 23. See Hanna v. Plumer,

7   380 U.S. 460 (1965). In the absence of "direct conflict," the Court must determine

8   whether PAGA is "substantive" or "procedural" under Erie R.R. Co. v. Tompkins,

9   304 U.S. 64 (1938). Goldberg v. Pacific Indem. Co., 627 F.3d 752, 755 (9th Cir.

10  2010). To assist courts in classifying a law as "substantive" or "procedural," the

11  Supreme Court has propounded an "outcome determination" test, under which the

12  court first asks, "[D]oes it significantly affect the result of a litigation for a federal

13  court to disregard a law of a state that would be controlling in an action upon the

14  same claim by the same parties in a State court?" Gasperini v. Center for

15  Humanities, Inc., 518 U.S. 415, 427 (1996) (quoting Guaranty Trust Co. v. York,

16  326 U.S. 99, 109 (1945)). In answering this question, courts must be guided by the

17  "twin purposes of . . . discouragement of forum-shopping and avoidance of

18  inequitable administration of the laws." U.S. ex rel. Newsham v. Lockheed Missiles

19  & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999) (quoting Hanna, 380 U.S. at

20  468).

1   The Court finds that PAGA is outcome determinative in light of the twin aims.

2   If plaintiffs were not allowed to bring representative PAGA claims in federal court,

3   the state could not recover civil penalties in federal court and the potential liability

4   of defendants would be significantly reduced. The purpose of PAGA, to provide

5   incentives for private individuals to pursue the interests of the state in enforcement

6   of the labor laws, would be completely undermined. Accordingly, the Court

7   concludes that PAGA is outcome determinative and that there are no overriding

8   federal interests requiring application of Rule 23. See Byrd v. Blue Ridge Rural

9   Elec. Coop., Inc., 356 U.S. 535, 537-39 (1958). Therefore, representative PAGA

10   claims may proceed in federal court.

11   Having decided that Rule 23 does not govern Plaintiff's PAGA claims, the

12   question remains whether a plaintiff has Article III standing to bring a PAGA claim.

13   For the reasons discussed below, the Court finds that there is no standing

14   impediment to Plaintiff's PAGA claims.

15   PAGA actions are, essentially, a "type of *qui tam*" action. Leslie's Poolmart,

16   Inc., 2013 WL 3233211, at *7. The Supreme Court and the Ninth Circuit have both

17   held that plaintiffs bringing *qui tam* suits have standing under an assignment

18   theory. Vermont Agency of Natural Resources v. United States ex rel. Stevens,

19   529 U.S. 765 (2000) ("Vermont"); United States ex. rel. Kelly v. Boeing Co., 9 F.3d

20   743 (1993). The assignment of the government's interest to a plaintiff provides an

15

1    "adequate basis for the [plaintiff's] suit for his bounty" because "the assignee of a

2    claim has standing to assert the injury in fact suffered by the assignor." <u>Vermont</u>,

3    529 U.S. at 773. The Ninth Circuit clarified that, in the context of *qui tam* suits, a

4    statute need not use explicit language of assignment. <u>Boeing Co.</u>, 9 F.3d at 748

5    ("It is well established that terms of art are not required for valid assignment. The

6    assignor need not even use the word 'assign.'") (internal quotations omitted).

7        The reasoning for finding that plaintiffs in *qui tam* suits have standing applies

8    equally here. PAGA actions are basically *qui tam* suits, where plaintiffs are

9    "deputized" by the government to pursue civil penalties when employers have

10   violated California labor laws. Thus, based on an assignment theory, plaintiffs

11   bringing claims under PAGA in a representative capacity have Article III standing.

12

13       **b. PAGA Administrative Exhaustion**

14       California Labor Code § 2699.3 provides that, before commencing a suit

15   under PAGA, "aggrieved employee[s]" must "give written notice by certified mail to

16   the [LWDA] and the employer of the specific provisions of this code alleged to have

17   been violated, including the facts and theories to support the alleged violation," and

18   wait until receipt of notice from the LWDA that it will not investigate the grievance,

19   or 33 calendar days, whichever is shorter. Under § 2699.3(a), letters of notice

20   provided to the LWDA must contain "facts and theories specific to the plaintiff's

16

principal claims; merely listing the statutes allegedly violated or reciting the statutory requirements is insufficient." Amey v. Cinemark USA Inc., 2015 WL 2251504, at *13 (N.D. Cal. May 13, 2015) (quoting Ovieda v. Sodexo Operations, LLC, 2013 WL 3887873, at *3 (C.D. Cal. July 3, 2013)); Archila v. KFC U.S. Properties, Inc., 420 Fed.Appx. 667 (9th Cir. 2011) (stating that to exhaust administrative remedies under PAGA, notice to the LWDA must contain "facts and theories" which support a plaintiff's allegations). After exhausting administrative remedies as set forth above, a party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements. Cal. Lab. Code § 2699.3; Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003 (N.D. Cal. 2007); see also Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 370–371 (2005) (dismissing a PAGA claim because a plaintiff had not pled compliance with Cal. Lab. Code § 2699.3).

After listing the statutory requirements of PAGA, Plaintiff pleads that "[p]rior to the commencement of this action, Plaintiff properly complied with the exhaustion requirements of the LWDA. As of June 3, 2014, the LWDA has not stated that it intends to investigate Plaintiff's claims . . . ." This allegation, even taken as true, is insufficient. To plead compliance with the exhaustion requirements, Plaintiff should first list "(1) when [Plaintiff] notified the LWDA about the . . . violations, (2) what, if any, response [s]he received from the LWDA, or (3) how long [s]he waited before

commencing this action." <u>Kemp v. Int'l Bus. Machines Corp.</u>, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010). Additionally, Plaintiff should plead what "facts and theories," which would qualify as sufficient notice, have been provided to the LWDA. Without these sorts of factual details, Plaintiff is only asserting a legal conclusion, insufficient to support a claim. <u>Twombly</u>, 550 U.S. at 555.

Although Plaintiff alleges that on June 3, 2014, the date of filing the Complaint, the LWDA had not stated an intention to investigate the claims, Plaintiff does not allege the date on which she notified the LWDA about the violations, how long she waited, or the types of "facts and theories" she provided to the LWDA. Based on her allegations, the Court is unable to conclude that Plaintiff has waited the required minimum of 33 days. Therefore, Plaintiff's seventh cause of action under PAGA is dismissed. The Court grants Plaintiff leave to amend her Complaint to allege facts establishing that the exhaustion requirements have been met.

**B. Motion to Strike**

**1. Injunctive Relief**

Defendant moves to strike Plaintiffs request for injunctive relief on the ground that Plaintiff, as a former employee, lacks standing to bring such a claim. Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or

18

1  any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

2  12(f). Plaintiff's claim for injunctive relief is none of these. The Ninth Circuit has

3  held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a

4  district court to dismiss a claim for damages on the basis it is precluded as a matter

5  of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010).

6  Because a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows

7  defendants to challenge the legal sufficiency of complaints, allowing 12(f) motions

8  to serve the same purpose would create redundancies in the Federal Rules of Civil

9  Procedure. Id. at 974.

10       However, Defendant is correct that Plaintiff does not have Article III standing

11  to pursue injunctive relief under the UCL. The Supreme Court has held that

12  "plaintiffs no longer employed by [a defendant] lack standing to seek injunctive or

13  declaratory relief against its employment practices." Walmart Stores, Inc. v. Dukes,

14  __ U.S. __, 131 S.Ct. 2541, 2559–60 (2011). Similarly, the Ninth Circuit has held

15  in cases specifically arising under the UCL that injunctive relief is precluded as a

16  matter of law for plaintiffs no longer employed by defendant companies. Ellis v.

17  Costco Wholesale Corp., 657 F.3d 970, 986 (9th Cir. 2011); Hangarter v. Provident

18  Life and Accident Ins. Co., 373 F.3d 998, 1021–22 (9th Cir. 2004). Accordingly,

19  Plaintiff's claim for injunctive relief under the UCL is dismissed.

20

14cv2719 BTM(JMA)

### 2. References to §§ 204 and 558

Defendant argues that Cal. Labor Code §§ 204 and 558 do not provide for a private right of action. Alternatively, Defendant contends that even under PAGA, California Labor Code § 558 is not a claim that may be derivatively pursued because it is not listed in § 2699.5, which provides that a PAGA suit may be brought for violations of specified Labor Code sections.[1] (Doc 4-1 at 16–19.) However, PAGA provides, "Notwithstanding any other provision of law, *any* provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] . . . may . . . be recovered through a civil action brought by" a proper plaintiff. Cal. Lab. Code. § 2699(a) (emphasis added).

The Complaint references § 558 for purposes of identifying the amounts to be assessed in civil penalties for violations of §§ 510 and 512, not to assert a freestanding claim of violation. (Compl. ¶ 84.) Both §§ 510 and 512 are listed in § 2699.5. Therefore, Defendant's insistence that references to §§ 208 and 558 be stricken is in error. Although, Plaintiff's seventh cause of action is dismissed for failure to establish exhaustion of administrative remedies, Plaintiff may reassert references to §§ 208 and 558 in her amended complaint.

//

---

[1] Plaintiff makes clear in her opposition that she is seeking §§ 204 and 558 penalties under PAGA.

**3. Class allegations**

Defendant moves to strike the class allegations, citing the requirements for class certification under Rule 23 as described in <u>Comcast Corp. v. Behrend</u>, __ U.S. __, 133 S.Ct. 1426 (2012). But <u>Comcast</u> concerned a motion for class certification, not initial pleadings. While class allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis, "it is in fact rare to do so in advance of a motion for class certification." <u>Cholakyan v. Mercedes-Benz USA, LLC</u>, 796 F.Supp.2d 1220, 1245 (C.D. Cal. June 30, 2011). It is more appropriate for such arguments to be presented at the class certification stage of the litigation. <u>Fields v. W. Marine Products Inc.</u>, 2014 WL 547502, at *9 (N.D. Cal. Feb. 7, 2014); <u>Thorpe v. Abbott Labs., Inc.</u>, 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008). Therefore, Defendant's motion to strike Plaintiff's class allegations is denied.

//

//

//

//

//

//

//

21

1

## III. <u>CONCLUSION</u>

2      For the reasons discussed above, Defendant's motion to dismiss is

3 **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's seventh cause of action

4 and claim for injunctive relief are **DISMISSED**. The Court grants Plaintiff leave to

5 file an amended complaint only remedying the deficiencies identified with respect

6 to the seventh cause of action. If Plaintiff chooses to file an amended complaint,

7 the complaint must be filed within 30 days of the entry of this Order. If no amended

8 complaint is filed, Defendant's Answer is due within 45 days of the entry of this

9 Order. Defendant's motion to strike is **DENIED**.  Since the Court has considered

10 all of Defendant's arguments, no further motion to dismiss will be considered

11 without leave of the Court.   Defendant shall file an answer within 15 days of filing

12 of an amended complaint.  Defendant may file a motion for summary judgment on

13 the basis of failure to exhaust the PAGA claim.

14 **IT IS SO ORDERED.**

15    Dated:  August 3, 2015

16                                                    Barry Ted Moskowitz, Chief Judge
                                                     United States District Court
17

18

19

20

22